## EUCLID GAS & SERVICE CO *et* v FIXTURE FINANCE CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14507.   Decided June 17, 1935

Martin . A. Rini, Cleveland, for plaintiff in error.

E. S. Klein, Cleveland, for defendant in error.

MIDDLETON, PJ, BLOSSER and McCURDY, JJ, (4th Dist) sitting by designation.

## OPINION

By BLOSSER, J.

Defendant asserted that the petition should use the words that plaintiff is entitled to the immediate possession of the goods described. However, as the petition stated that plaintiff is entitled to the possession it is to be inferred that the right of possession is immediate. If it was not entitled to the immediate possession it would not be entitled to possession at all. We think this ground is not well taken. **Grever & Sons v Taylor et, 53 Oh St 621.**

The first defense was in the nature of a general denial, while the other defenses under cross-petition contained allegations of other matters that were specially pleaded. It is asserted that the ruling of the court was erroneous and that the demurrer should have been overruled by reason of the allegations in the first defense; that is, the allegations in the nature of a general denial. All of the allegations of the pleading should be considered in determining the effect of any of them and a general denial of the allegations of a petition are unavailing if inconsistent with express averments in other parts of the answer. **Reiff v Mulholland, 65 Oh St 178.**

We think the court was correct in ruling on the demurrer.

Under the allegations of the cross-petition, the interest charged for the loan was greater than that allowed by law. It is claimed that this case comes within the provisions of the so-called "small loan act." §6346-1 GC provides:

"It shall be unlawful for any person, firm, partnership, association or corporation, to engage or continue in the business of making loans on plain, endorsed or guaranteed notes * * * without having obtained a license so to do."

Sec 6346-5a GC, provides among other things that

"If interest, consideration or charges in excess of those permitted by this Act shall be charged, contracted for or received, the contract and all the papers in connection therewith shall be void and the licensee shall have no right to collect or receive any principal, interest or charges whatsoever."

As the cross-petition stated that the amount of charges was greater than that

provided by the statute of Ohio, it becomes important to determine if this case comes within the provisions of this Act.

There is no allegation in the pleading that the plaintiff was engaged in the business of making loans. The making of a single loan is not "engaging in business" within the meaning of this Act. In the absence of an averment that plaintiff was "engaged in the business of making loans" we are of the opinion that this case is not governed by the provisions of the small loan act.

The defendant has pleaded usury as a defense to the action of replevin. If this case came within the provisions of the small loan act, this contention might be well taken. However, as the case does not fall within that act, the defense of usury is not sufficient for the reason that the usury avoided the contract only for the excess. **Ewing v Bank, 43 Oh St 31.**

As the defendant did not plead that it paid the plaintiffs or tendered the amount due on the chattel mortgage, it is apparent that the demurrer was properly sustained.

We have considered all of the assignments of error and think that the judgment of the court was correct and the judgment is affirmed.

MIDDLETON, PJ, and McCURDY, J, concur.